UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:07-CR-72-TLS |
| | ) | |
| WILLIAM ERIC THOMAS | ) | |

**OPINION AND ORDER**

The Defendant, William Eric Thomas, submitted a Letter [ECF No. 145] to this Court on April 10, 2012, which the Court construed as a motion for early termination of supervised release. In accordance with this Court's directive, the probation officer filed a supervision report [ECF No. 147], and the Defendant [ECF No. 148] and the Government [ECF No. 150] responded. For the reasons set forth in this Opinion and Order, the Court it is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and thus will not terminate the Defendant's term of supervised release.

**BACKGROUND**

The Defendant pleaded guilty to using unauthorized access devices knowingly and with intent to defraud in violation of 18 U.S.C. § 1029(a)(2). On November 3, 2008, the Court sentenced the Defendant to 30 months imprisonment and 3 years supervised release, and ordered restitution in the amount of $14,607.78. The Defendant completed his prison sentence and began the term of supervised release on March 3, 2011. His term of supervision is scheduled to expire on March 2, 2014. According to the probation officer, the Defendant is making payments of $25.00 per week that is split between this case and another, 1:98-CR-3-WCL, pursuant to an

Agreed Motion for Order Directing Employer to Make Deductions From Employee's Income and Pay to the United States, entered on January 19, 2012. Given the amount of restitution outstanding—over $14,000 in this case and over $6,000 in the 1998 case—and the small amounts going toward payment, the Government opposes early termination.

**DISCUSSION**

The Defendant's motion to terminate supervised release is based on 18 U.S.C. § 3583(e)(1), which allows a district court to grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and if, after the court considers certain factors in 18 U.S.C. § 3553(a), it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). A court need not make explicit findings as to each of the § 3553(a) factors, but the record must reveal that the court gave consideration to the factors. *Lowe*, 632 F.3d at 998 (citing *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005), *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997), and *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003)). "[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

The Defendant maintains that early termination is warranted because he has adhered to all the conditions of his supervised release, his employment with General Motors is stable, wages are being withheld to pay restitution, and his law abiding conduct extends back to 2008. The probation officer and the Government characterize the Defendant's employment as unstable

2

because it is through a temporary agency, and note his sporadic history of restitution payment.

Even if all of the Defendant's points are accepted, they do not justify early termination. The Court expects those on supervised release to work and to follow the rules of supervision. The Court cannot ignore that the Defendant's Guideline Criminal History Category is VI, and finds that his past conduct necessitates a certain level of scrutiny and oversight to ensure that he continues to engage in productive activity and to avoid conduct that is particularly risky to him, such as incurring new credit charges or opening additional lines of credit without his probation officer's approval. Importantly, ongoing supervision is also warranted to ensure that he continues paying restitution to the victims of his offense. *See* 18 U.S.C. § 3553(a)(7). Against this, the Defendant has made no showing that continued supervision would impede his ability to pay restitution, hinder his rehabilitation, or impose on him any undue hardship. The Court finds that the interests of justice would not be served by discharging this Defendant from the obligations that are imposed on him through supervised release.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's request for early termination of supervised release [ECF No. 145].

SO ORDERED on September 6, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION